**DLD-234-E**                                        **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 11-2854
_____

IN RE:  AYODELE OKE,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Criminal No. 2-11-cr-00321-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 11, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.

(Filed:  July 14, 2011)
_____

OPINION
_____

PER CURIAM

On July 11, we denied Oke's mandamus petition and motion to stay state-court

proceedings.  See C.A. No. 11-2822.  This current "emergency petition" is, in essence,

more of the same.  Oke argues that the Court of Common Pleas lacks jurisdiction over

him, and that it is "unlawfully" – in violation of the Eleventh Amendment – attempting to

compel his appearance in relation to pending state criminal charges. [1]  He asks us to

_____

[1] <u>See generally</u> CP-46-CR-0003220-2011.

1) prohibit Judge William R. Carpenter from presiding over the criminal case, 2) restrain Judge Joseph A. Smyth from "proceeding in the pre-trial conference," and 3) enjoin court administrators Michael Kehs and Denis Doe from "scheduling anymore [*sic*] appearances for the relator." Oke does not ask that we compel the District Court to grant this relief, but rather requests it directly from this Court. He asserts that we have authority to undertake these actions under 28 U.S.C. § 2283 (the Anti-Injunction Act) and 5 U.S.C. § 705 (relating to judicial review of agency decisions).

Again, Oke incorrectly assumes that his attempt to remove the criminal case to federal court rendered further proceedings of the state court invalid. See 28 U.S.C. § 1446(c)(3). Regardless, to the extent that Oke's filing is cognizable in mandamus or prohibition,[2] we will dismiss the petition. Under the All Writs Act, we may issue extraordinary writs only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a).

> "Traditionally, federal appellate courts have issued the writ of mandamus where a *lower court* has made an error of 'jurisdictional' dimension. . . . In a variety of contexts, appellate courts have resorted to mandamus where the district court, in a case properly before it, took some action it was not empowered to take or declined to take some action required of it."

United States v. Christian, 660 F.2d 892, 893–94 (3d Cir. 1981) (emphasis added). State courts are not "lower courts" from the perspective of a federal Court of Appeals, and principles of comity and federalism ensure that a federal court "ordinarily may not issue a

---

[2] "[M]odern courts have shown little concern for the technical and historic differences between" writs of mandamus and writs of prohibition. In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990).

writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." In re

Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981). We therefore lack the

authority and jurisdiction to grant the requested relief.